UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOE E. SHARP,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV-07-3037-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 23, 26.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney David M. Blume represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 9.) On March 21, 2008, Plaintiff filed a reply. (Ct. Rec. 28). After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

On August 29, 2003, and September 2, 2003. Plaintiff Joe Sharp

1 (Plaintiff) protectively filed for supplemental security income
2 benefits (SSI) and disability insurance benefits (DIB). (Tr. 53-55,
3 421-424.)  Upon initial application, Plaintiff alleged disability
4 due to degenerative joint disease, back pain, depression and post-
5 traumatic stress disorder, with an alleged onset date of October 1,
6 1996. (Tr. 53, 74.)   Benefits were denied initially and on
7 reconsideration.  (Tr. 28-30, 33-34, 426-430, 432-434.)  Plaintiff
8 requested a hearing before an administrative law judge (ALJ), which
9 was held before ALJ Riley J. Atkins on September 21, 2006.  (Tr.
10 441-477.)  Plaintiff, who was present and represented by counsel,
11 and vocational expert Kay Wise, testified.  The ALJ denied benefits
12 and the Appeals Council denied review.  (Tr. 6-8.)  The instant
13 matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

15   The facts of the case are set forth in detail in the transcript
16 of proceedings, and are briefly summarized here.  Plaintiff was 36
17 years old at onset and 46 at the time of the decision.  (Tr. 21,
18 23.)  He has approximately a tenth-grade education. (Tr. 312, 443.)
19 He testified he had past work experience as a house painter.  (Tr.
20 468.)  Plaintiff testified that he has not consumed alcohol or non-
21 prescribed drugs for about three years.  (Tr. 449.)

**ADMINISTRATIVE DECISION**

23   ALJ Atkins found Plaintiff met the insured status requirements
24 for DIB through June 30, 2000.  (Tr. 13, 15.)  At step one of the
25 sequential evaluation, the ALJ found Plaintiff had not engaged in
26 substantial gainful activity since the onset date of October 1,
27 1996.  (Tr. 15.)  At steps two and three, he found Plaintiff

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-2

suffered from the severe impairments of degenerative disc disease with mild spondylosis and a history of scoliosis, dysthymic disorder, antisocial personality disorder, and polysubstance dependence in sustained full remission (Tr. 15), but these impairments alone or in combination did not meet or equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 16.) ALJ Atkins found Plaintiff not fully credible. (Tr. 18-21.) At step four, he determined Plaintiff had the following residual functional capacity (RFC) to perform a range of medium work:

> [The claimant] is able to lift and/or carry 50 pounds pounds occasionally and 25 pounds frequently. He is able to stand and/or walk 6 hours during a fulltime 8-hour workday. He is able to sit 6 hours during a fulltime 8-hour workday. He is able to understand and perform simple, routine and repetitive work involving little contact with the general public.

(Tr. 17.)

At step four, based on vocational expert testimony, the ALJ determined Plaintiff could not perform his past relevant work as a house painter. (Tr. 21.) At step five, the ALJ again relied on the VE's testimony and determined that there are other jobs Plaintiff can perform. (Tr. 22.) Therefore, Plaintiff was not found "disabled" as defined in the Social Security Act at any time through the date of the ALJ decision. (Tr. 23.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported

by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-4

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing material factor to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-5

disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether alcoholism or drug abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled and there is medical evidence of drug addiction or alcoholism, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs. *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff assigns error to the ALJ's evaluation of the medical evidence.

**DISCUSSION**

**A.  Weighing Medical Evidence**

Plaintiff alleges that the ALJ erred by failing to properly weigh the opinion of treating physician Judy Richardson, M.D. (Ct. Rec. 24 at 15-20.) The Commissioner responds that the ALJ's determinations should be affirmed because they are based on substantial evidence and free of legal error. (Ct. Rec. 27 at 6-11).

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on

the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F. 2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by the ALJ may be helpful to the adjudication. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Physical impairments

Plaintiff alleges the ALJ erred by failing to discuss the opinion of treating physician Judy Richardson, M.D., in September of 2002. Dr. Richardson restricted Plaintiff to sedentary work due to low back strain. (Ct. Rec. 24 at 17-19, referring to Tr. 168-169.) The Commissioner acknowledges that the ALJ did not discuss Dr. Richardson's opinion, but essentially argues that any error is

harmless because other substantial evidence supports the ALJ's assessed RFC. The other substantial evidence is the ALJ's rejection of an examining physician's RFC for light work, an RFC for medium work assessed by agency physicians (consistent with the RFC assessed by ALJ Riley), and Plaintiff's "extensive daily activities." (Ct. Rec. 27 at 7-8.)

On September 10, 2002, Dr. Richardson examined Plaintiff and assessed chronic low back pain. She was unable to rule out discogenic or degenerative disease pending x-ray results.[1] (Tr. 167.) The parties acknowledge Dr. Richardson limited Plaintiff to no more than sedentary work. Later records show Dr. Richardson treated Plaintiff for acute muscle spasm on June 18, 2003, apparently triggered by Plaintiff moving rocks on his property. (Tr. 286.)

The Commissioner concedes that the ALJ fails to discuss Dr. Richardson's opinion. "[W]here the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)(citing *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial

---

[1] On September 10, 2002, disc space narrowing at L5-S1 with moderate surrounding bony spur formation was noted. (Tr. 333.) On September 19, 2003, x-rays showed marked narrowing of the L5-S1 disc space. (Tr. 282.) On September 26, 2003, moderate degenerative disc disease at C5-C6 is noted. (Tr. 278.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-8

evidence in the record for so doing. *Id.*, citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ's failure to give at least specific and legitimate reasons supported by substantial evidence for rejecting treating Dr. Richardson's opinion is reversible error.

Even if the reasons offered by the Commissioner on appeal are deemed specific and legitimate, the court cannot affirm the decision of an agency on a ground not invoked by the agency in making its decision. *Pinto v. Massanari*, 249 F. 3d 840, 847-848 (9th Cir. 2001), citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

The court notes that Dr. Richardson was not alone in limiting Plaintiff to sedentary work based on his spinal problems. On February 27, 2003, David Tuning, PAC, also opined that Plaintiff could perform no more than sedentary work. (Tr. 293.) Mr. Tuning observed that although Plaintiff's ROM studies "are pretty good," they are "not sustainable without exacerbation of back pain." (Id.) The ALJ does not address this opinion.

<u>Mental impairments</u>

Plaintiff alleges that the ALJ failed to properly weigh evidence of psychological impairment from "various treating mental health professionals," including assessments of marked limitations in five areas of functioning, and of moderate impairment in the ability to take care of self, including personal hygiene and appearance. (Ct. Rec. 24 at 19.) The Commissioner responds that the ALJ found these opinions unsupported and based on Plaintiff's discredited subjective complaints. (Ct. Rec. 27 at 10.) The Commissioner cites *Bayliss v. Barnhart*, 427 F.3d 1211, 1216-1217 (9th

Cir. 2005), and *Morgan v. Commissioner of Social Security Admin.*, 169 F.3d 595, 601-602 (9th Cir. 1999), as supporting the Commissioner's reasoning.

    Several mental health and medical providers describe Plaintiff's mental health impairments. On September 11, 2002, Plaintiff's therapist Rebecca Twohy, MSW, assessed personality disorder NOS, with dependent and antisocial features, and depressive disorder NOS. (Tr. 329.) She assessed several marked and moderate limitations, noted Plaintiff "makes impulsive decisions not always in his best interest," and opined that Plaintiff's history of substance abuse and institutionalization make it difficult to predict Plaintiff's ability to change. (Tr. 329-331.) On October 29, 2002, Daniel Ferber, M.D., evaluated and began treating Plaintiff. (Tr. 200.) Dr. Ferber observed Plaintiff was poorly groomed and dressed. His affect was somewhat constricted and appeared dysphoric but not overtly depressed. (Tr. 201.) Dr. Ferber diagnosed dysthymia, early onset, moderate; polysubstance dependency in sustained full remission; conduct disorder, adolescent onset by history; and antisocial personality disorder. Dr. Ferber assessed a current GAF of 55[2] and began Plaintiff on medications. (Tr. 202.) Contrary to the DSM, the ALJ opined that an assessed GAF of 50 in October of 2002 "suggests the claimant's mental impairments result

---

[2] A GAF of 55 indicates moderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers and co-workers). DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th Ed., (DSM-IV), at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-10

in at most, moderate limitations." (Tr. 20.)

In March of 2003, Martha Usatine, MSW, evaluated Plaintiff. She opined Plaintiff's hygiene, grooming and judgment were poor; in six areas of functioning, Plaintiff is moderately impaired, and in one area (physical complaints), markedly impaired. (Tr. 187-191.)

On August 16, 2003, Trula Thompson, M.D., evaluated Plaintiff overall as chronically mentally ill. (Tr. 181.) Dr. Thompson noted diagnoses of DDD, dysthymic disorder, and personality disorder NOS with dependent and antisocial features. She recommended 1-2 years of treatment. (*Id.*) On April 7, 2004, Shirley Roffe, M.D., pointed out that Dr. Faber last saw Plaintiff on March 10, 2003. Plaintiff admitted he had not been taking his prescribed psychotropic medication. He admitted relapsing into alcohol use around Christmas or New Year's but had been clean and sober for 3 months. Dr. Roffe observed Plaintiff was poorly groomed, his affect was serious with a very narrow range, and speech was monotone and flat. Plaintiff denied depression but reported being quite stressed. (Tr. 178-179.) When Dr. Roffe saw Plaintiff again two months later, on June 29, 2004, she observed that he was fairly poorly groomed and exhibited a serious affect with a narrow range. (Tr. 240.) On August 21, 2006, Steven Woolpert, M.S., M.H.P., assessed Plaintiff as seriously disturbed, moderately impaired in nine areas, and markedly impaired in two areas. (Tr. 415-417.)

The ALJ's rejection of the opinions of the examining and treating professionals as "unsupported" and based on Plaintiff's discounted subjective complaints, is itself not supported by the record. Additionally, while the ALJ found Plaintiff's "mental

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-11

impairments result in only mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties with concentration, persistence or pace," the ALJ did not include the assessed moderate limitations in his hypothetical questions to the VE. (*Cf*. Tr. 17 *with* Tr. 469-471.)

**B.   Remedy**

There are two remedies where the ALJ fails to give adequate reasons for rejecting the opinion of a treating or examining doctor. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."   *Lester*, 81 F.3d at 834; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).   Under the alternate approach found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke*, 379 F.3d at 594 (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues).  Where evidence has been identified that may be a basis for findings, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzales v. Sullivan*, 914 F.2d 1197 , 1202 (9th Cir. 1990).  Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ: 1) did not properly weigh the treating and examining professionals' opinions, and 2) found that Plaintiff suffered from moderate mental impairments but did not include them in the RFC given to the VE.

The court expresses no opinion as to what the ultimate outcome on remand will or should be.  On remand, the ALJ will conduct a new sequential evaluation, stating the reasons for the weight given to the opinions of treating and examining medical and mental health providers, and, if appropriate, include all determinable severe impairments in hypothetical questions to the VE.  Given Plaintiff's documented history of substance abuse, if Plaintiff is found disabled, the ALJ must conduct an analysis pursuant to *Bustamante v. Massanari*, 272 F.3d 949 (9th Cir. 2001) to determine the effects of substance abuse.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 23)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 26)** is **DENIED.**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED.**

DATED July 22, 2008.

                          S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE